IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOROTHY MCCASKILL, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> SKYLINE POST ACUTE LLC, D/B/A § <br> FT. WORTH WELLNESS & § <br> REHABILITATION, § <br> DEFENDANT. § | CASE NO. 3:19-CV-1276-L |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Reference*, Doc. 14, before the Court is Defendant's *Opposed Motion to Transfer Venue to Fort Worth Division*, Doc. 10. Plaintiff has filed a response in opposition. Doc. 13. For the reasons outlined herein, Defendant's *Opposed Motion to Transfer Venue to Forth Worth Division* should be **GRANTED**.[1]

## I.
## BACKGROUND

Dorothy McCaskill ("Plaintiff") is a resident of Tarrant County, Texas and a former employee of Skyline Post Acute LLC ("Defendant"). Defendant is a corporation located in Fort Worth, Texas. Doc. 12 at 1. Plaintiff's Original Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 ("ADEA"). Doc. 1 at 1. Plaintiff argues that she and

---

[1] The Court does not consider Defendant's pending motion to dismiss [Doc. 5] because the motion to transfer should be granted, and "if transfer is proper, the transferee forum should decide a motion to dismiss. *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *1 (N.D. Tex. Sept. 16, 2013) (Lynn, J) (quoting *AllChem Performance Prods., Inc. v. Oreq Corp.,* No. 3:11–CV–3577–D, 2013 WL 180460, at *1 n. 2 (N.D.Tex. Jan.17, 2013) (Fitzwater, C.J.)).

other African American workers over the age of sixty-five were disciplined, fired and replaced with younger, white employees. *See* Doc. 1 at 2, 3  Defendant moved to dismiss Plaintiff's claims, arguing she not exhausted her administrative remedies. Doc. 6 at 1. Plaintiff then filed an Amended Complaint asserting that she has exhausted all her administrative remedies. Doc. 12 at 2. Defendant now moves under 28 U.S.C. §1404(a) to transfer this case to the Fort Worth Division of the Northern District of Texas. Doc. 10.

## II.
## APPLICABLE LAW

28 U.S.C. §1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). In assessing a motion to transfer pursuant to 28 U.S.C. §1404(a), courts first must determine whether the judicial district to which transfer is sought is a district in which the claims could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If the action could have been brought in the alternate venue, courts must weigh a series of non-exhaustive private and public interest factors to determine whether the transferee venue is clearly more convenient than the current venue. *Id.*

Courts have broad discretion in deciding whether to order a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (per curium) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)). Motions to transfer venue should be granted when "the balancing of [the] private and public interest factors, along with any other factors the court considers relevant, demonstrates that the alternative venue is 'clearly more convenient.'" *LeBlanc v. C.R. England, Inc.*, 961 F.Supp. 2d 819, 831 (N.D. Tex. 2013) (Boyle, J.) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*")).

2

# III.
# PARTIES' ARGUMENTS AND ANALYSIS

The parties do not dispute that the Fort Worth Division is one in which Plaintiff's actions or claims could have originally been brought. *See* Docs. 11; 12. Thus, the issue before the Court is whether the public and private interest factors weigh in favor of an intra-district transfer to the Fort Worth Division.[2]

The relevant private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I* at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The relevant public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Defendant argues that based on the relevant factors, the "Fort Worth Division is clearly more convenient to both parties because both Plaintiff and Defendant are located in the Fort Worth Division and Plaintiff has pleaded no facts that occurred in the Dallas Division." Doc. 11 at 2. Plaintiff responds that (1) venue is proper in the Dallas Division, (2) Defendant has

---

[2] Plaintiff argues that the Court should utilize the standard under Tex. Civ. Prac. & Rem. Code § 15.002(b), *see* Doc. 13 at 3 and TEX. CIV. PRAC. REM. CODE § 15.002(b). Plaintiff cites no authority which would indicate that this standard should be applied. In fact, in her Original Complaint, Plaintiff argues that venue is proper under the Federal Rules of Civil Procedure. *See* Doc. 1 at 2. All cases this Court found concerning a transfer pursuant to U.S.C. 1404(a) use the federal standard. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *Volkswagen I*, 371 F.3d at 203.

3

"wholly failed to provide any evidence that Fort Worth is more convenient," (3) it is in the interest of justice for the case to remain in the Dallas Division, and (4) the Dallas and Fort Worth Divisions are within driving distance of one another and "Plaintiff's counsel is willing to take depositions of Defendant's witnesses in Fort Worth." Doc. 13 at 1-4. For the reasons detailed below, the Court agrees with Defendant.

A.     PRIVATE INTEREST FACTORS

   1.     Relative Ease of Access to Sources of Proof

This Court finds that the first private interest factor weighs in favor of transfer to Fort Worth. In weighing this factor, "the question is *relative* ease of access, not *absolute* ease of access." *Radmax*, 720 F.3d at 288 (emphasis in original). Here, although the Dallas and Fort Worth Divisions are close in proximity, access to proof would be more convenient in Fort Worth than it would be in Dallas.[3] Indeed, the parties have not given any indication that any events pertinent to the violations alleged in the complaint took place outside of the Fort Worth Division, and there is no indication that evidence exists in the Dallas Division. That counsel for both parties have offices in Dallas is not mitigating, as the "'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Thus, even though the divisions are adjacent to one another, this factor weighs in favor of transferring the case to the Fort Worth Division. *Clark v. Am. Airlines, Inc.,* No. 3:19-CV-00097-L-BH, 2019 WL 3006545, at *3 (N.D. Tex. July 9, 2019)

---

[3] According to googlemaps.com, Plaintiff's home address is 29.5 miles from the Dallas Division, and 8.7 miles from the Fort Worth Division. Driving directions from Plaintiff's address to Earle Cabell Federal Building and Fort Worth Federal Courthouse, http:// maps.google.com (select "Get Directions" hyperlink; enter locations).

(Ramirez, J.) (granting transfer in an ADEA and Title VII action where all sources of proof and the site of the alleged violation were located in the Fort Worth Division and there was no relevant conduct or proof in the Dallas Division).

### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

The second private interest factor is neutral. In the context of a § 1404(a) motion, this factor "favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses." *Clark*, No. 3:19-CV-00097-L-BH, 2019 WL 3006545, at *3. (Ramirez, J.). A district court "may command a person to attend trial" by subpoena "within 100 miles of where the person resides, [or] is employed." FED. R. CIV. P. 45 (c)(1)(A). Defendant's facilities are located in Fort Worth, Texas and Plaintiff lives in Tarrant County. Doc. 1 at 1. Both locations are within 100 miles of the Northern District of Texas and the Dallas and Fort Worth Divisions.[4] Thus, any potential non-party witnesses located near Defendant's facilities or Plaintiff's residence would be subject to the Court's subpoena power, regardless of the division.

### 3. The Cost of Attendance for Willing Witnesses

The Court also finds that the third private interest factor is neutral. The convenience of witnesses is often regarded as the most important factor when deciding whether to transfer venue. *AT & T Intellectual Prop. I L.P. v. Airbiquity Inc.*, No. 3:08–cv–1637–M, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009) (Lynn, J.); *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 3:08–cv–816–G, 2009 WL 464953, at *4 (N.D. Tex. Feb. 24, 2009) (Fish, J.). The convenience of non-party witnesses is accorded the greatest weight. *AT & T Intellectual Prop.*,

---

[4] Defendant's address is 40.9 miles from the Dallas Division, and 5.3 miles from the Fort Worth Division. Driving directions from Defendant's address to Earle Cabell Federal Building and Fort Worth Federal Courthouse, GOOGLE MAPS, http://maps.google.com (select "Get Directions" hyperlink; enter locations); *See also supra* note 3.

2009 WL 774350, at *5. The convenience of witnesses who are employees of the party seeking transfer is entitled to less weight because that party will be able to compel their testimony at trial. *Id.* at *4, n.16.

Neither party has identified the location of any non-party witnesses who might be called to testify in this case. "Defendant believes that all of the individuals from the facility, including those specifically identified in the Complaint, are located in Fort Worth," and consequently that the "Fort Worth Division will be slightly closer to them than the Dallas Division." Doc. 11 at 3. "[T]he distance between the federal courthouses in Dallas and Fort Worth is 32 miles, with an approximate travel time of 35 minutes; [and] some areas in east Fort Worth are closer to the Dallas courthouse than to the Fort Worth courthouse." *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *2 (N.D. Tex. Jan. 18, 2011) (Lynn, J.). Thus, based on the facts available to the Court, it is unclear whether non-party witnesses would incur greater cost by travelling to the Dallas or Fort Worth Division.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

The fourth factor is also neutral. The United States Court of Appeals for the Fifth Circuit has found that this factor weighs in favor of denying a § 1404(a) motion when "transfer [of] venue would have caused yet another delay in [an already] protracted litigation." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The fourth private interest factor may be relevant "in rare and special circumstances." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). However, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *Radmax*, 720 F.3d at 289.

6

Here, neither party contends that a transfer would cause undue delay. And indeed, upon review, this Court is unable to identify any undue delay that would result from a transfer. The fourth factor does not weigh for or against transfer.

**B.      Public Interest Factors**

The relevant public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen I,* 371 F.3d at 203 (citing Piper Aircraft, 454 U.S. at 241 n.6).

Neither party contends that transferring the case would create administrative difficulties or further congest the court; therefore, the first public interest factor is neutral. The second public interest factor favors transfer if "the events giving rise to this action occurred in [the transferee district/division]." *Berlanga v. Basic Energy Servs., LP*, No. 3:17-CV-0106-L, 2017 WL 4923876, at *4 (N.D. Tex. Oct. 30, 2017) (Ramirez, J.) (quoting *Volkswagen II,* 545 F.3d 304, 315 (5th Cir. 2008)). Because the alleged conduct in Plaintiff's Complaint occurred within the bounds of the Fort Worth Division, this factor weighs toward transfer.

The remaining public interest factors are neutral. Both the Dallas and Fort Worth Divisions are governed by the law of the Northern District of Texas. Thus, the familiarity of the forum with governing law, and the avoidance of unnecessary problems of conflict of laws or the application of foreign law, are inapplicable. *See Berlanga*, No. 3:17-CV-0106-L, 2017 WL 4923876, at *4 ("[t]he parties agree that both the Dallas and Fort Worth Divisions 'have federal question jurisdiction over this case and are equally fit to address the . . . issues that will govern

7

this case.' They also agree that there are no conflicts of law problems present in this case. The third and fourth public interest factors are neutral.") (internal citations omitted).

## IV.
## CONCLUSION

In sum, most factors are neutral, two weigh in favor of transfer to the Fort Worth Division, and none weigh in favor of this case remaining in the Dallas Division. While no singular factor is dispositive in this case, on balance, Fifth Circuit precedent dictates that the case should be transferred. Accordingly, Defendant's *Motion to Transfer Venue to the Fort Worth Division of the Northern District of Texas,* Doc. 10, should be **GRANTED**.

**SIGNED**, August 29, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).